

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

January 17, 1974

The Honorable W. Sale Lewis
Commissioner
Texas Savings and Loan Department
P. O. Box 1089
Austin, Texas 78767

Opinion No. H- 215

Re: Can a state chartered
savings and loan asso-
ciation designate all or
any part of its perma-
nent reserve fund stock
as a part of its Federal
Insurance Reserve account?

Dear Mr. Lewis:

You have requested our opinion on the following question:

"Can a state chartered savings and loan association
designate or earmark all or any portion of its per-
manent reserve fund stock as a part of its Federal
Insurance Reserve account? "

Section 2.02 of Article 852a, V. T. C. S., empowers a state savings
and loan association to issue Permanent Reserve Fund Stock, subject to
its provisions.

Section 563.11 of the insurance regulations promulgated by the
Federal Home Loan Bank Board (12 C. F. R. § 563.11) applicable to state
savings and loan associations which are insured by the Federal Savings
and Loan Insurance Corporation, provides that such permanent reserve
fund stock (called "capital stock" in the regulations) may be earmarked
as part of the association's federal insurance reserves where such stock
is "permitted by State law to be used for absorbing losses. "

There is no case law answering your question nor do the applicable
statutes expressly prohibit or allow the use of such stock for the purposes
in question.  The basic issue is whether such stock is "permitted by State
law to be used for absorbing losses? "

In our opinion the stock is permitted under Texas law to be used for absorbing losses and therefore can be used as part of an association's federal insurance reserve fund.

Section 2.02 of Article 852a, V. T. C. S. , provides as follows:

" . . . Such Permanent Reserve Fund Stock, when issued, may not be retired or withdrawn except as hereinafter provided, until after all liabilities of the association shall have been satisfied in full, including the withdrawal value of all savings accounts . . . . "

This not only permits, it requires the use of such stock for absorbing losses.

The same § 2.02 also provides:

" . . . Associations whose savings accounts are insured by the Federal Savings and Loan Insurance Corporation may retire in whole or in part any such stock heretofore issued when such associations are authorized to do so by a majority vote at any annual meeting of its members, or any special meeting of members called for such purpose; provided, that the basis of such retirement shall have been first approved by the Commissioner and consent to such retirement upon the part of the Federal Savings and Loan Insurance Corporation has been filed in writing with the Commissioner. "

Apparently the Legislature contemplated that the Federal Savings and Loan Insurance Corporation would have some interest in the permanent reserve fund stock, and the primary if not the only reason for such interest would be if the stock were permitted to be used as part of an association's insurance reserve. This implies a legislative intent to permit such use.

It further appears that a prohibition against use of such stock for federal insurance reserve would, in effect, place a more stringent reserve requirement upon stock companies than upon non-stock state associations or federal associations. Unless a stock company can use its stock as part of its reserve, it, in effect, has an additional reserve cushion available solely for the absorption of losses, such cushion not being required of other associations. Such inequality should not be read into the statutes unless clearly expressed, which it is not.

## SUMMARY

A state chartered savings and loan association may designate or earmark all or any portion of its permanent reserve fund stock as a part of its federal insurance reserve account.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee